509-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WINTER STAR MARINE LTD.

                Plaintiff

                -against-

MARIA S.A. IMPORT-EXPORT a/k/a MARIA S.A.

                Defendant.
------------------------------------------------------------x

07 CV 10621

**VERIFIED COMPLAINT**

      Plaintiff WINTER STAR MARINE LTD. ("WINTER") by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant MARIA S.A. IMPORT-EXPORT a/k/a MARIA S.A. ("MARIA"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of maritime contract by Defendant MARIA. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff WINTER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Valetta, Malta.

3. At all times relevant hereto, Defendant MARIA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Patridas – A.G. Georgion Street, Warehouse: Kozanis 1, Makrohori Veria Imathias.

4. On or about June 12, 2006, Plaintiff WINTER, as owner, and MARIA as charterer, entered into a maritime contract of charter party for a voyage from San Pedro, Argentina to Thessaloniki, Greece for the carriage of a partial cargo of citrus fruits.

5. Pursuant to the above-referenced Charter, the cargo was loaded and carried to destination.

6. Following the completion of the voyage disputes arose concerning demurrage, which were submitted to arbitration in London.

7. The tribunal rendered an Arbitration Award (hereinafter the "Award") in Plaintiff's favor both on liability and costs, a true and accurate copy of which is annexed hereto as Exhibit A.

8. Plaintiff has fulfilled all obligations required of it under the charter party.

9. Despite due demand, no part of the amounts due have been paid.

10. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of WINTER'S claim.

11. This action is brought to obtain jurisdiction over MARIA and to confirm and enforce the existing Award, to obtain security for execution of the judgment to be entered on the

existing Award, as well as to secure the additional claims which will be prosecuted for collection of the sums due under the Award.

12. In addition to the principal amount due under the Award and the interest through the date of filing of the Verified Complaint, WINTER also seeks security in respect of its claims against MARIA for the additional sums which are due for future interest through the date of collection, estimated for a period of approximately one year post filing, for a total of $93,102.85.

13. In addition, Plaintiff seeks security for its enforcement costs which are recoverable under London arbitration, and which thus should be included in this application, calculated at $18,000.

14. Despite due demand, no part of the amounts due has been paid.

15. This Verified Complaint is filed subject to and without waiver of any arbitration rights which might exist by virtue of the Charter and/or any other agreement relating thereto for the adjudication of disputes.

16. Upon information and belief, and after investigation, Defendant MARIA cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant MARIA (collectively hereinafter, "ASSETS"), including but not limited to ASSETS as may be held, received, or transferred in its own name or for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

WHEREFORE, Plaintiff WINTER prays:

a. That process in due form of law according to the practice of this Court issue against Defendant MARIA, citing it to appear and answer the foregoing, failing which a default will be taken against it for the amounts of the claim as set forth in the Award and as set forth above, plus interest, costs and attorney fees.

b. That if Defendant MARIA cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant MARIA, up to and including the claim of **USD $111,102.85** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant MARIA (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court determine and adjudge Plaintiff entitled to enforce the Awards and enter judgment in Plaintiff's favor thereon and against Defendant in the amount of the Award plus interest, costs and the additional recoverable sums due, and otherwise recognize, confirm and enter judgment on the subject Award; and

    d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:    New York, New York
             November 27, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
WINTER STAR MARINE LTD.

By: _____
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK      )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1.   I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.   The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.   The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
PETER J. GUTOWSKI

Sworn to before me this
27 day of November, 2007.

_____
Notary Public

ROBERT G. RIDENOUR, JR.
Notary Public, State of New York
No. 01RI5006838
Qualified in Richmond County
Commission Expires March 1, 2011

NYDOCS1/292883.1                            6

IN THE MATTER OF THE ARBITRATION ACT 1996

AND IN THE MATTER OF AN ARBITRATION

BETWEEN:

WINTER STAR MARINE LTD of Valletta, Malta
Claimants
(Owners)

- and -

MARIA S.A. of Greece
Respondents
(Charterers)

"BALTIC SKY"

Charterparty dated Buenos Aires, 12th June 2006

---

FINAL ARBITRATION AWARD

---

**Whereas:**

1. By a Charterparty on an amended Gencon form with additional clauses dated Buenos Aires, 12th June 2006, the Claimants (hereinafter referred to as "the Owners") chartered their vessel, the "BALTIC SKY" to the Respondents (hereinafter referred to as "the Charterers") for a voyage from San Pedro in Argentina to Thessaloniki in Greece, with a part cargo of citrus fruits.

2. Box 25 of Part I, Clause 19 of Part II and additional clause 33 of the charter provided for disputes to be referred to arbitration in London and English law to apply. The seat of the arbitration is England.

3. Disputes as more detailed hereinafter having arisen, the Owners appointed me, the undersigned JOHN SCHOFIELD of 10 Sutherland Avenue, Petts Wood,



Orpington, Kent BR5 1QZ as Arbitrator and upon the failure of the Charterers to appoint an arbitrator of their own choice, as Sole Arbitrator as provided for in Clause 19 of Part II of the charter.

4. In this Reference, the Owners claim demurrage in the sum of USD 70,651.04, plus interest and costs.

5. Written submissions and supporting documents were presented by St. Petersburg Claims Consultants and lawyers, acting for the Owners. The Charterers chose to present no submissions, although I am satisfied that they had every opportunity to do so.

**NOW I**, the said JOHN SCHOFIELD having considered the written submissions and evidence put before me DO HEREBY MAKE, ISSUE AND PUBLISH this my FINAL ARBITRATION AWARD as follows for the Reasons set out in the accompanying document, which is integral to and forms part of my award.

A. I find that the Owners are entitled to the demurrage claimed in the sum of USD 70,651,04.

B. I THEREFORE AWARD AND ADJUDGE that the Charterers shall forthwith pay the sum of USD 70,651.04 (United States Dollars Seventy Thousand Six Hundred and Fifty One Cents) to the Owners, together with compound interest thereon with three monthly rests at an annual rate of 7.5%, *pro rata*, from 1st September 2006 until the date of payment.

C. I FURTHER AWARD AND ADJUDGE that the Charterers shall bear their own costs in the Reference, together with those of the Owners in the sum of USD 4,425.00, together with compound interest thereon with three monthly rests also at an annual rate of 7.5%, *pro rata*, from the date of this Award until the date of payment, which shall be paid to the Owners forthwith.

D. I ALSO AWARD AND ADJUDGE that should the Owners have paid for the cost of my Award in the sum of £1,250.00 (USD 2,375.00) in the first instance, they shall be entitled to an immediate reimbursement from the Charterers of the amount so paid, together with compound interest thereon with three monthly rests at an annual rate of 7.5%, *pro rata*, from the date of payment until the date of reimbursement.

Given under my hand, this 27th day of November 2006.

_____     _____
John Schofield                                    Witness